*Eugene P. Moore, for appellant.*

*W. O. Bradley, for appellee.*

---

STEPHEN THORNBERRY, ET AL. *v.* JOHN THIXTON.

[Abstract Kentucky Law Reporter, Vol. 4—825.]

**Mortgage Lien Enuring to Sureties.**

Where a creditor takes personal security and also a mortgage from his debtor, and the surety is compelled to pay the debt, the mortgage lien enures to the benefit of the surety.

## APPEAL FROM DAVIESS CIRCUIT COURT.

March 17, 1883.

Opinion by Judge Pryor:

The mortgage to the sureties enured to the benefit of the appellee and the only error the court below committed was in giving to the latter a lien for the $97, excluding Stephen Thornberry's lien for $180. It is true the lien of the appellant has been discharged in so far as his son is concerned by the purchase of the property, but as between the appellee and Stephen Thornberry equity will treat the lien as still existing. If the property is not worth both liens the judgment in this case gives to the appellee priority, and the purchase of the property does not alter the rights of the lienholders.

It is insisted, however, by the appellants that the appellee has no lien because the appellants were not in fact the sureties for the $97 debt. The purpose was to secure this sum of money and the appellee would not have sold the goods on the individual credit of the real debtor. He supposed that Thomas and the father of Thomas Thornberry were liable, and on the faith of their liability the goods were sold, and the mortgage shows upon its face what it was intended to secure. Stephen Thornberry now claims that he has the right to disregard the mortgage and purchase the property regardless of the lien, because he was not in fact the surety and did not authorize the purchase of the goods in his name or upon his responsibility. This he can not do. The writing showed the purpose in view, and we are satisfied the mortgage was written as the mortgagor directed or agreed to, and that it was understood at the time that Thomas and Stephen Thornberry were the sureties. They perhaps knew nothing of the arrangement made between Thomas Thornberry and Thixton, but the mortgage was notice to Stephen of the liability of his son, and that it was upon the faith of his being the surety that it was executed. This $97 the proof shows remains unpaid and there was a judgment against Thomas Thornberry for the amount. It matters not whether Thomas, the alleged surety, was liable for all or a part only of the debt. It has not been paid, and the chancellor acted properly in subjecting the property, but in doing so he should have sold it to satisfy both liens. There is no pretense that the son has now any right of homestead in the

property, and the appellant, his father, after its being mortgaged can not purchase it for his son's debt and then say it was not liable for the debt due Thixton. For the reasons indicated the judgment is *reversed* and cause remanded for proceedings consistent with this opinion.

*Weir, Weir & Walker, for appellants.*

*J. A. Dean, for appellee.*